1 THOMAS E. FRANKOVICH,
**A Professional Law Corporation**
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900

5 Attorneys for Plaintiff
CRAIG YATES, an individual
6

**FILED**

NOV 3 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing



WHA

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,

11          Plaintiff,

12 v.

13

14 ROBERTO GUERRERO, an individual dba
MARTHA AND BROTHERS COFFEE,
15

16          Defendant.

17 _____

**CV 09    5637**

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiff CRAIG YATES, an individual, complains of defendants ROBERTO

2   GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE and alleges as follows:

3   **INTRODUCTION:**

4   1.     This is a civil rights action for discrimination against persons with physical

5   disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

6   for failure to remove architectural barriers structural in nature at defendants' MARTHA AND

7   BROTHERS COFFEE, a place of public accommodation, thereby discriminatorily denying

8   plaintiff and the class of other similarly situated persons with physical disabilities access to, the

9   full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

10  services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to

11  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

12  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

13  2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

14  February 9, 2009, March 7, 2009, March 26, 2009, April 10, 2009, April 13, 2009, May 4, 2009,

15  May 27, 2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19, 2009, June 27, 2009, July 10,

16  2009, July 19, 2009, July 24, 2009, August 6, 2009, August 28, 2009, August 14, 2009,

17  September 8, 2009, October 27, 2009 and November 3, 2009, was an invitee, guest, patron,

18  customer at defendant's MARTHA AND BROTHERS COFFEE, in the City of San Francisco,

19  California. At said times and place, defendant failed to provide proper legal access to the coffee

20  shop, which is a "public accommodation" and/or a "public facility" including, but not limited to

21  entrance, serving counter, condiment counter, path of travel and unisex restroom. The denial of

22  access was in violation of both federal and California legal requirements, and plaintiff CRAIG

23  YATES suffered violation of his civil rights to full and equal access, and was embarrassed and

24  humiliated.

25  ///

26  ///

27  ///

28  ///

1 **JURISDICTION AND VENUE:**

2       3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9       4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 200 Clement Street, in the City and County of San Francisco, State of California, and that
12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

14       5.    Plaintiff CRAIG YATES is a "physically handicapped person," a "physically
15 disabled person," and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled," "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities," as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      6.    Defendant ROBERTO GUERRERO (hereinafter alternatively collectively

2  referred to as "defendant") and the landlord Wai Family Clement Property LLC are the owners

3  and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

4  accommodation known as MARTHA AND BROTHERS COFFEE, located at/near 200 Clement

5  Street, San Francisco, California, or of the building and/or buildings which constitute said public

6  accommodation.

7      7.    At all times relevant to this complaint, defendant ROBERTO GUERRERO, owns

8  and operates the subject MARTHA AND BROTHERS as a public accommodation.  This

9  business is open to the general public and conducts business therein.  The business is a "public

10  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

11  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

12  *seq.*

13      8.    At all times relevant to this complaint, defendant ROBERTO GUERRERO and

14  the landlord Wai Family Clement Property LLC are jointly and severally responsible to identify

15  and remove architectural barriers at the subject MARTHA AND BROTHERS COFFEE pursuant

16  to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

17      **§ 36.201    General**

18          (b) *Landlord and tenant responsibilities.* Both the landlord
    who owns the building that houses a place of public
19      accommodation and the tenant who owns or operates the place of
    public accommodation are public accommodations subject to the
20      requirements of this part.  As between the parties, allocation of
    responsibility for complying with the obligations of this part may
21      be determined by lease or other contract.

22      28 CFR §36.201(b)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2      9.     The MARTHA AND BROTHERS COFFEE, is by definition a restaurant, located

3 at/near 200 Clement Street, San Francisco, California. The MARTHA AND BROTHERS

4 COFFEE, its entrance, serving counter, condiment counter, path of travel, unisex restroom, and

5 its other facilities are each a "place of public accommodation or facility" subject to the barrier

6 removal requirements of the Americans with Disabilities Act. On information and belief, each

7 such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions,"

8 each of which has subjected the MARTHA AND BROTHERS COFFEE and each of its

9 facilities, its entrance, serving counter, condiment counter, path of travel and unisex restroom to

10 disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

11 (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12      10.    On or about but before the incidents stated herein, Margaret Wai and the Wai

13 Family Clement Property LLC, and others purchased and/or took possessory control of the

14 premises now known as MARTHA AND BROTHERS COFFEE. At all times prior thereto,

15 defendants' and each of them were aware of their obligation prior to the close of escrow, or upon

16 taking possessory interest that public accommodations had a duty to identify and remove

17 architectural barriers and were aware that MARTHA AND BROTHERS COFFEE was not

18 accessible to the disabled. Nevertheless, defendants' and each of them, operated MARTHA

19 AND BROTHERS COFFEE as though it was accessible.

20      11.    At all times stated herein, defendant's and each of them with the knowledge that

21 each of them had a continuing obligation to identify and remove architectural barriers where it

22 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

23 compliant access to the subject accommodation.

24      12.    At all times referred to herein and continuing to the present time, defendants, and

25 each of them, advertised, publicized and held out the MARTHA AND BROTHERS COFFEE as

26 being handicapped accessible and handicapped usable.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1        13.     On or about February 9, 2009, March 7, 2009, March 26, 2009, April 10, 2009,

2  April 13, 2009, May 4, 2009, May 27, 2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19,

3  2009, June 27, 2009, July 10, 2009, July 19, 2009, July 24, 2009, August 6, 2009, August 28,

4  2009, August 14, 2009, September 8, 2009, October 27, 2009 and November 3, 2009, plaintiff

5  CRAIG YATES was an invitee and guest at the subject MARTHA AND BROTHERS COFFEE,

6  for purposes of having beverages and pastries.

7        14.     On or about February 9, 2009, March 7, 2009, March 26, 2009, April 10, 2009,

8  April 13, 2009, May 4, 2009, May 27, 2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19,

9  2009, June 27, 2009, July 10, 2009, July 19, 2009, July 24, 2009, August 6, 2009, August 28,

10  2009, August 14, 2009, September 8, 2009, October 27, 2009 and November 3, 2009, plaintiff

11  CRAIG YATES encountered an entrance with a automatic door. The mechanism on the outside

12  of the door was often blocked by a seating bench and/or trash can. However, on most occasions

13  the door is kept propped open.

14        15.     At said times and place, plaintiff CRAIG YATES once inside encountered a

15  lowered service counter that was designed specifically for the disabled under both the California

16  Building Code and the American with Disabilities Act ("ADA") access guidelines (hereinafter

17  referred to "ADAAG"). The lowered counter was no longer being used for service but for the

18  display and sale of bakery products.

19        16.     At said times and place, plaintiff CRAIG YATES always encountered a

20  condiment counter (a counter which had cream, sugar, coffee jug, cup covers, napkins and the

21  like), where the counter itself and condiments were placed too high for use by a wheelchair user.

22        17.     At said times and place, plaintiff CRAIG YATES always encountered a path of

23  travel which was too narrow due to the placement of trash cans, boxes, general storage items and

24  cleaning equipment on the way to the alleged accessible unisex restroom.

25  ///

26  ///

27  ///

28  ///

1      18.    At said times and place, plaintiff CRAIG YATES always encountered several

2 kinds of barriers including but not limited to combinations of the following, inside the allegedly

3 accessible unisex restroom:

4           •     Crates (Foster Farm);

5           •     trays;

6           •     bread type trays;

7           •     boxes;

8           •     boxes of Tork universal hand towels;

9           •     Tork universal Xpress napkins;

10         •     5 gallon cans;

11         •     5 gallon cans of cleaning materials placed under the lavatory; and

12         •     larger trash can container.

13      19.    On or about April 2, 2009, plaintiff CRAIG YATES wrote both the landlord and

14 the tenant of MARTHA AND BROTHERS COFFEE. Plaintiff CRAIG YATES pointed out that

15 the space occupied by MARTHA AND BROTHERS COFFEE was once accessible but the

16 "access" was literally trashed by the barriers stated herein.

17      20.    On or about April 29, 2009, plaintiff CRAIG YATES not having received a

18 response to his letter of April 2, 2009, wrote the landlord and the tenant a second letter. Plaintiff

19 CRAIG YATES reminded the landlord and the tenant that he had written them on April 2, 2009,

20 stating in substance that because he hadn't heard from them that he, plaintiff CRAIG YATES

21 assumed everything was taken care of.

22      21.    On or about May 18, 2009, plaintiff CRAIG YATES wrote yet a third (3) letter to

23 the landlord and the tenant. Plaintiff CRAIG YATES expressed his frustration and asked that the

24 landlord and the tenant "redo it" and provide access.

25      22.    On or about May 20, 2009, plaintiff CRAIG YATES received a handwritten note

26 and business card from defendant, ROBERTO GUERRERO and handwritten note on plaintiff

27 CRAIG YATES's letter of May 18, 2009.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 │ Obviously, this May 13, 2009, dated letter crossed with plaintiff CRAIG YATES's letter of May

2 │ 18, 2009.  The letter stated, "Call me if you have an issue with my store at Clement Street."

3 │     23.    On or about May 26, 2009, plaintiff CRAIG YATES telephoned defendant,

4 │ ROBERTO GUERRERO about the existing access problems.  Defendant ROBERTO

5 │ GUERRERO informed plaintiff CRAIG YATES, that steps would be immediately taken to

6 │ remove all the barriers but that plaintiff CRAIG YATES needed to know that MARTHA

7 │ BROTHERS COFFEE was small and it needed more storage space.  Plaintiff CRAIG YATES

8 │ inquired about the garage space behind the coffee shop and was told it was taken.  Defendant

9 │ ROBERTO GUERRERO also stated that a lager space may be looked for.

10 │     24.    On or after May 26, 2009, access conditions at MARTHA BROTHERS AND

11 │ COFFEE, significantly worsened rather than getting better.

12 │     25.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

13 │ disability, encountered the following inaccessible elements of the subject MARTHA AND

14 │ BROTHERS COFFEE which constituted architectural barriers and a denial of the proper and

15 │ legally-required access to a public accommodation to persons with physical disabilities including,

16 │ but not limited to:

17 │     a.    lack of an accessible entrance due to blockage of the accessible path of
18 │         travel;

19 │     b.    lack of a handicapped-accessible unisex public restroom due to blockage by
20 │         boxes, cans, trays, storage container and other objects;

21 │     c.    lack of a clear path of travel from the service counter to the unisex
22 │         restroom;

    d.    lack of an accessible condiment counter;

23 │     e.    lack of employee training in maintaining accessible elements of all facilities
24 │         within the coffee house; and

25 │     f.    On personal knowledge, information and belief, other public facilities and
26 │         elements too numerous to list were improperly inaccessible for use by
        persons with physical disabilities.

27 │ ///

28 │ ///

1    26.    At all times stated herein, the existence of architectural barriers at defendants'
2  place of public accommodation evidenced "actual notice" of defendants' intent not to comply with
3  the Americans with Disabilities Act of 1990 either then, now or in the future.

4    27.    On or about April 2, 2009, April 29, 2009 and May 18, 2009, defendant and the
5  landlord were sent six (6) letters by or on behalf of plaintiff CRAIG YATES advising of the
6  existence of architectural barriers, requesting that they be removed. On May 13, 2009, defendant
7  ROBERTO GUERRERO sent a note to plaintiff CRAIG YATES. Said letters are attached hereto
8  collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

9    28.    At all times stated herein, defendant, and each of them, did not act as reasonable
10  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
11  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
12  receiving the same goods and services as able bodied people and some of which may and did pose
13  a threat of harm and/or personal injury to people with disabilities.

14    29.    As a legal result of defendant ROBERTO GUERRERO's failure to act as a
15  reasonable and prudent public accommodation in identifying, removing or creating architectural
16  barriers, policies, practices and procedures that denied access to plaintiff and other persons with
17  disabilities, plaintiff suffered the damages as alleged herein.

18    30.    As a further legal result of the actions and failure to act of defendant, and as a
19  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
20  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
21  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
22  disabilities to full and equal access to public facilities.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

31.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

32.     Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

33.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendant ROBERTO GUERRERO and the landlord, because defendant ROBERTO GUERRERO and the landlord maintained a coffee house without access for persons with physical disabilities to its facilities, including but not limited to the entrance, serving counter, condiment counter, path of travel and unisex restroom and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

34.     On information and belief, construction alterations carried out by defendant has also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

35.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the MARTHA AND BROTHERS COFFEE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operate the coffee house  as a public facility.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    36.    Plaintiff seeks damages for violation of their civil rights on

2  February 9, 2009, March 7, 2009, March 26, 2009, April 10, 2009, April 13, 2009, May 4, 2009,

3  May 27, 2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19, 2009, June 27, 2009, July 10,

4  2009, July 19, 2009, July 24, 2009, August 6, 2009, August 28, 2009, August 14, 2009,

5  September 8, 2009, October 27, 2009 and November 3, 2009  and seeks statutory damages of not

6  less than \$4,000, pursuant to Civil Code §52(a) or alternatively \$1000 pursuant to Civil Code

7  §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that

8  some or all remedial work should have been completed under the standard that the landlord and

9  tenant had an ongoing duty to identify and remove architectural barriers where it was readily

10  achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public

11  accommodation because of his knowledge and/or belief that neither some or all architectural

12  barriers had been removed and that said premises remains inaccessible to persons with disabilities

13  whether a wheelchair user or otherwise.

14    37.    On information and belief, defendant has been negligent in their affirmative duty to

15  identify the architectural barriers complained of herein and negligent in the removal of some or all

16  of said barriers.

17    38.    Because of defendants' violations, plaintiff and other persons with physical

18  disabilities are unable to use public facilities such as those owned and operated by defendants on a

19  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

20  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

21  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling

22  defendants to make the MARTHA AND BROTHERS COFFEE accessible to persons with

23  disabilities.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    39.    On information and belief, defendant has intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and Title 24.  The acts and omission of defendant, and each of
4  them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6  out by defendants, and each of them, with a willful and conscious disregard for the rights and
7  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9  defendants, and each of them, to other operators and landlords of other coffee houses  and other
10  public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51,
11  51.5 and 54.

12    40.    Plaintiff is informed and believes and therefore alleges that defendant ROBERTO
13  GUERRERO, and each of them caused the subject building(s) which constitute the MARTHA
14  AND BROTHERS COFFEE  to be constructed, altered and maintained in such a manner that
15  persons with physical disabilities were denied full and equal access to, within and throughout said
16  building(s) of the subject coffee house and were denied full and equal use of said public facilities.
17  Furthermore, on information and belief, defendant has continued to maintain and operate said
18  coffee house and/or its building(s) in such conditions up to the present time, despite actual and
19  constructive notice to such defendants that the configuration of the coffee house and/or its
20  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
21  CRAIG YATES, and other members of the disability community.  Such construction,
22  modification, ownership, operation, maintenance and practices of such public facilities are in
23  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
24  U.S.C. §12101, *et seq.*

25  ///
26  ///
27  ///
28  ///

1    41.    On personal knowledge, information and belief, the basis of defendant's actual and
2   constructive notice that the physical configuration of the facilities including, but not limited to,
3   architectural barriers constituting the MARTHA AND BROTHERS COFFEE and/or building(s)
4   was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes,
5   but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6   owners of other restaurants, hotels, motels and businesses, notices they obtained from
7   governmental agencies upon modification, improvement, or substantial repair of the subject
8   premises and other properties owned by this defendant, newspaper articles and trade publications
9   regarding the Americans with Disabilities Act of 1990 and other access laws, public service
10  announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other
11  similar information. Defendant's failure, under state and federal law, to make the coffee house
12  accessible is further evidence of defendant's conscious disregard for the rights of plaintiff and
13  other similarly situated persons with disabilities. Despite being informed of such effect on
14  plaintiff and other persons with physical disabilities due to the lack of accessible facilities, the
15  defendant, and each of them, knowingly and willfully refused to take any steps to rectify the
16  situation and to provide full and equal access for plaintiff and other persons with physical
17  disabilities to the MARTHA AND BROTHERS COFFEE. Said defendant, and each of them,
18  have continued such practices, in conscious disregard for the rights of plaintiff and other persons
19  with physical disabilities, up to the date of filing of this complaint, and continuing thereon.
20  Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of
21  the demand letter addressed to the defendant and served concurrently with the summons and
22  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other
23  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
24  rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of
25  treble damages per Civil Code §§52 and 54.3.

26  ///
27  ///
28  ///

1      42.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

2 disabilities, would, could and will return to the subject public accommodation when it is made

3 accessible to persons with disabilities.

4 **I.**    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
    **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

5     **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO

6     GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
    (42 U.S.C. §12101, *et seq.*)

7
    43.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

8
the allegations contained in paragraphs 1 through 42 of this complaint.

9
    44.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

10
§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

11
protect:

12
        some 43 million Americans with one or more physical or mental

13         disabilities; [that] historically society has tended to isolate and
        segregate individuals with disabilities; [that] such forms of

14         discrimination against individuals with disabilities continue to be a
        serious and pervasive social problem; [that] the nation's proper

15         goals regarding individuals with disabilities are to assure equality of
        opportunity, full participation, independent living and economic

16         self-sufficiency for such individuals; [and that] the continuing
        existence of unfair and unnecessary discrimination and prejudice

17         denies people with disabilities the opportunity to compete on an
        equal basis and to pursue those opportunities for which our free

18         society is justifiably famous.

19     45.    Congress stated as its purpose in passing the Americans with Disabilities Act of

20 1990 (42 U.S.C. §12102):

21         It is the purpose of this act (1) to provide a clear and comprehensive
        national mandate for the elimination of discrimination against

22         individuals with disabilities; (2) to provide clear, strong, consistent,
        enforceable standards addressing discrimination against individuals

23         with disabilities; (3) to ensure that the Federal government plays a
        central role in enforcing the standards established in this act on

24         behalf of individuals with disabilities; and (4) to invoke the sweep
        of Congressional authority, including the power to enforce the 14th

25         Amendment and to regulate commerce, in order to address the
        major areas of discrimination faced day to day by people with

26         disabilities.

27 ///

28 ///

1      46.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4 accommodations identified for purposes of this title was:

5              (7)     PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this

6             title, if the operations of such entities affect commerce -

                         ---

7              (B) a restaurant, bar or other establishment serving food or drink.

8              42 U.S.C. §12181(7)(B)

9      47.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

10 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

11 privileges, advantages, or accommodations of any place of public accommodation by any person

12 who owns, leases, or leases to, or operates a place of public accommodation."

13      48.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

14 42 U.S.C. §12182(b)(2)(a) are:

15              (I)     the imposition or application of eligibility criteria

16             that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally

17             enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be necessary

18             for the provision of the goods, services, facilities, privileges,
advantages, or accommodations being offered;

19              (ii)     a failure to make reasonable modifications in

20             policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,

21             advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications

22             would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

23              (iii)     a failure to take such steps as may be necessary to

24             ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other

25             individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would

26             fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would

27             result in an undue burden;

28 ///

1                    (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
2                    facilities . . . where such removal is readily achievable; and

3                    (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
4                    make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
5                    methods are readily achievable.

6    The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7    Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8    January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9    §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10        49.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

11   at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the

12   MARTHA AND BROTHERS COFFEE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On

13   information and belief, if the removal of all the barriers complained of herein together was not

14   "readily achievable," the removal of each individual barrier complained of herein was "readily

15   achievable." On information and belief, defendants' failure to remove said barriers was likewise

16   due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17   (b)(2)(A)(i)and (ii).

18        50.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19   accomplishable and able to be carried out without much difficulty or expense." The statute

20   defines relative "expense" in part in relation to the total financial resources of the entities

21   involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22   plaintiff complains of herein were and are "readily achievable" by the defendants under the

23   standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25   make the required services available through alternative methods which were readily achievable.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    51.    On information and belief, construction work on, and modifications of, the subject

2  building(s) of MARTHA AND BROTHERS COFFEE occurred after the compliance date for the

3  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

4  under Title III of the ADA.

5    52.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

6  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

8  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

9  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or

10  making use of the public facilities complained of herein so long as the premises and defendants'

11  policies bar full and equal use by persons with physical disabilities.

12    53.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

13  disability to engage in a futile gesture if such person has actual notice that a person or

14  organization covered by this title does not intend to comply with its provisions."  Pursuant to this

15  section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

16  November 3, 2009, but on information and belief, alleges that defendants have continued to

17  violate the law and deny the rights of plaintiff and of other persons with physical disabilities to

18  access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

20  facilities readily accessible to and usable by individuals with disabilities to the extent required by

21  this title."

22    54.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

24  the Americans with Disabilities Act of 1990, including but not limited to an order granting

25  injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being

26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
   **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
2 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
   GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
3 (California Civil Code §§54, 54.1, 54.3, *et seq.)*

4      55.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

5 allegations contained in paragraphs 1 through 54 of this complaint.

6      56.    At all times relevant to this action, California Civil Code §54 has provided that

7 persons with physical disabilities are not to be discriminated against because of physical handicap

8 or disability. This section provides that:

9              (a) Individuals with disabilities . . . have the same rights as
               the general public to full and free use of the streets, highways,
10             sidewalks, walkways, public buildings, medical facilities, including
               hospitals, clinics, and physicians' offices, and other public places.
11
       57.    California Civil Code §54.1 provides that persons with disabilities shall not be
12
   denied full and equal access to places of public accommodation or facilities:
13
               (a)(1) Individuals with disabilities shall be entitled to full
14             and equal access, as other members of the general public, to
               accommodations, advantages, facilities, medical facilities, including
15             hospitals, clinics, and physicians' offices, and privileges of all
               common carriers, airplanes, motor vehicles, railroad trains,
16             motorbuses, streetcars, boats, or any other public conveyances or
               modes of transportation (whether private, public, franchised,
17             licensed, contracted, or otherwise provided), telephone facilities,
               adoption agencies, private schools, hotels, lodging places, places of
18             public accommodation, amusement or resort, and other places to
               which the general public is invited, subject only to the conditions
19             and limitations established by law, or state or federal regulation, and
               applicable alike to all persons.
20
               Civil Code §54.1(a)(1)
21
       58.    California Civil Code §54.1 further provides that a violation of the Americans with
22
   Disabilities Act of 1990 constitutes a violation of section 54.1:
23
               (d) A violation of the right of an individual under the
24             Americans with Disabilities Act of 1990 (Public Law 101-336) also
               constitutes a violation of this section, and nothing in this section
25             shall be construed to limit the access of any person in violation of
               that act.
26
               Civil Code §54.1(d)
27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    59.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6  defendants' MARTHA AND BROTHERS COFFEE. As a legal result, plaintiff is entitled to seek

7  damages pursuant to a court or jury determination, in accordance with California Civil Code

8  §54.3(a) for each day on which he visited or have been deterred from visiting the MARTHA AND

9  BROTHERS COFFEE because of his knowledge and belief that the coffee house is inaccessible

10  to persons with disabilities. California Civil Code §54.3(a) provides:

11           Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12           in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13           liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16           Sections 54, 54.1 and 54.2.

17           Civil Code §54.3(a)

18    60.    On or about February 9, 2009, March 7, 2009, March 26, 2009, April 10, 2009,

19  April 13, 2009, May 4, 2009, May 27, 2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19,

20  2009, June 27, 2009, July 10, 2009, July 19, 2009, July 24, 2009, August 6, 2009, August 28,

21  2009, August 14, 2009, September 8, 2009, October 27, 2009 and November 3, 2009 , plaintiff

22  CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES

23  was denied access to entrance, serving counter, condiment counter, path of travel and unisex

24  restroom and other public facilities as stated herein at the MARTHA AND BROTHERS COFFEE

25  and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   61.   As a result of the denial of equal access to defendants' facilities due to the acts and
2   omissions of defendants, and each of them, in owning, operating and maintaining these subject
3   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4   rights under Civil Code §§54, 54.1 and 54.3.

5   62.   Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
6   anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
7   and worry, all of which are expectedly and naturally associated with a denial of access to a person
8   with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
9   omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
10  person or an entity that represents persons with physical disabilities and unable, because of the
11  architectural barriers created and maintained by the defendants in violation of the subject laws, to
12  use the public facilities hereinabove described on a full and equal basis as other persons.

13  63.   Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
14  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
15  as a person or an entity that represents persons with physical disabilities on or about February 9,
16  2009, March 7, 2009, March 26, 2009, April 10, 2009, April 13, 2009, May 4, 2009, May 27,
17  2009, June 2, 2009, June 9, 2009, June 16, 2009, June 19, 2009, June 27, 2009, July 10, 2009,
18  July 19, 2009, July 24, 2009, August 6, 2009, August 28, 2009, August 14, 2009, September 8,
19  2009, October 27, 2009 and November 3, 2009, and on a continuing basis since then, including
20  statutory damages, a trebling of all of actual damages, general and special damages available
21  pursuant to §54.3 of the Civil Code according to proof.

22  64.   As a result of defendant's, and each of their, acts and omissions in this regard,
23  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
24  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
25  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
26  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
27  reasonable attorneys' fees and costs incurred if deemed the prevailing party.
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

2  plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

3  public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

4  pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

5  **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
6  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
   GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
7  (Health & Safety Code §19955, *et seq.*)

8      65.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9  the allegations contained in paragraphs 1 through 64 of this complaint.

10     66.   Health & Safety Code §19955 provides in pertinent part:

11           The purpose of this part is to insure that public accommodations or
             facilities constructed in this state with private funds adhere to the
12           provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
             of Title 1 of the Government Code. For the purposes of this part
13           "public accommodation or facilities" means a building, structure,
             facility, complex, or improved area which is used by the general
14           public and shall include auditoriums, hospitals, theaters, restaurants,
             hotels, motels, stadiums, and convention centers. When sanitary
15           facilities are made available for the public, clients or employees in
             such accommodations or facilities, they shall be made available for
16           the handicapped.

17     67.   Health & Safety Code §19956, which appears in the same chapter as §19955,

18  provides in pertinent part, "accommodations constructed in this state shall conform to the

19  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

20  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

21  public accommodations constructed or altered after that date. On information and belief, portions

22  of the MARTHA AND BROTHERS COFFEE and/or of the building(s) were constructed and/or

23  altered after July 1, 1970, and substantial portions of the subject coffee house and/or the

24  building(s) had alterations, structural repairs, and/or additions made to such public

25  accommodations after July 1, 1970, thereby requiring said coffee house and/or building to be

26  subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such

27  alteration, structural repairs or additions per Health & Safety Code §19959.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1  68.  Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4  Regulations and these regulations must be complied with as to any alterations and/or
5  modifications of MARTHA AND BROTHERS COFFEE and/or the building(s) occurring after
6  that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access
7  requirements pursuant to the "ASA" requirements, the American Standards Association
8  Specifications, A117.1-1961. On information and belief, at the time of the construction and
9  modification of said building, all buildings and facilities covered were required to conform to
10  each of the standards and specifications described in the American Standards Association
11  Specifications and/or those contained in Title 24 of the California Building Standards Code.

12  69.  Coffee Houses such as the MARTHA AND BROTHERS COFFEE are "public
13  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14  70.  As a result of the actions and failure to act of defendants, and as a result of the
15  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
16  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
17  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
18  facilities.

19  71.  Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
21  civil rights and enforce provisions of the law protecting access for the persons with physical
22  disabilities and prohibiting discrimination against the persons with physical disabilities, and to
23  take such action both in plaintiff's own interests and in order to enforce an important right
24  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
27  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
28  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

1 | Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2 | 72.  Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3 | them, to make the subject place of public accommodation readily accessible to and usable by

4 | persons with disabilities.

5 | **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

6 | **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET
SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**

7 | (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)

8 | (Civil Code §51, 51.5)

9 | 73.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

10 | the allegations contained in paragraphs 1 through 72 of this complaint.

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1    74.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4  Unruh Act provides:

5           This section shall be known, and may be cited, as the Unruh
             Civil Rights Act.
6
             All persons within the jurisdiction of this state are free and
7            equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal
8            accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.
9
             This section shall not be construed to confer any right or
10           privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,
11           ancestry, national origin, or **disability.**

12           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
13           modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other
14           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
15           in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,
16           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.
17
             A violation of the right of any individual under the
18           Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.
19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       75.     The acts and omissions of defendants stated herein are discriminatory in nature and

2 in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

15       76.     Defendants' acts and omissions as specified have denied to the plaintiff full and

16 equal accommodations, advantages, facilities, privileges and services in a business establishment,

17 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

22 §43, *et seq*., as if repled herein.

23       77.     As a further legal result of the actions and failure to act of defendants, and as a

24 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

25 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

26 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

27 disabilities to full and equal access to public facilities.

28 ///

1      78.     Further, plaintiff CRAIG YATES suffered mental distress, mental

2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3  disappointment and worry, all of which are expectedly and naturally associated with a denial of

4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7  unable, because of the architectural barriers created and maintained by the defendants in violation

8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9  other persons.

10     79.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13  allowed by statute, according to proof if deemed to be the prevailing party.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4        DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
         (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
5        GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
         (42 U.S.C. §12101, *et seq.*)
6
         1.      For injunctive relief, compelling defendant ROBERTO GUERRERO, an
7
  individual dba MARTHA AND BROTHERS COFFEE, inclusive, to make the MARTHA AND
8
  BROTHERS COFFEE, located at 200 Clement Street, San Francisco, California, readily
9
  accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to
10
  make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
11
  afford full access to the goods, services, facilities, privileges, advantages and accommodations
12
  being offered.
13
         2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
14
  prevailing party; and
15
         3.      For such other and further relief as the court may deem proper.
16
17 **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
         AND 54.3, *ET SEO.***
18       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
         GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
19       (California Civil Code §§54, 54.1, 54.3, *et seq.*)
20
         1.      For injunctive relief, compelling defendant ROBERTO GUERRERO, an
21
  individual dba MARTHA AND BROTHERS COFFEE, inclusive, to make the MARTHA AND
22
  BROTHERS COFFEE, located at 200 Clement Street, San Francisco, California, readily
23
  accessible to and usable by individuals with disabilities, per state law.
24
         2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
25
  each occasion on which plaintiff was deterred from returning to the subject public
26
  accommodation.
27
  ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiff is deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    General damages according to proof;

5    6.    For all costs of suit;

6    7.    Prejudgment interest pursuant to Civil Code §3291; and

7    8.    Such other and further relief as the court may deem just and proper.

8  **III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9        **§19955, *ET. SEO.***
          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
10        GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
          (Health & Safety code §19955, *et seq.*)
11
         1.    For injunctive relief, compelling defendant ROBERTO GUERRERO, an
12
    individual dba MARTHA AND BROTHERS COFFEE, inclusive, to make the MARTHA AND
13
    BROTHERS COFFEE, located at 200 Clement Street, San Francisco, California, readily
14
    accessible to and usable by individuals with disabilities, per state law.
15
         2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,
16
    alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;
17
         3.    For all costs of suit;
18
         4.    For prejudgment interest pursuant to Civil Code §3291;
19
         5.    Such other and further relief as the court may deem just and proper.
20
    **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
21        FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
          PRIVILEGES AND/OR SERUHES IN VIOLATION OF CALIFORNIA CIVIL
22        CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant ROBERTO
23        GUERRERO, an individual dba MARTHA AND BROTHERS COFFEE, inclusive)
          (California Civil Code §§51, 51.5, *et seq.*)
24
25       1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

26  for each occasion on which plaintiff was deterred from returning to the subject public

27  accommodation;

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

1      2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

2 party;

3      3.     General damages according to proof;

4      4.     Treble damages pursuant to Civil Code §52(a);

5      5.     For all costs of suit;

6      6.     Prejudgment interest pursuant to Civil Code §3291; and

7      7.     Such other and further relief as the court may deem just and proper.

8

9 Dated: _____11/18/09_____, 2009     THOMAS E. FRANKOVICH,

10                                *A PROFESSIONAL LAW CORPORATION*

11

12                      By: _____

13                          THOMAS E. FRANKOVICH
                         Attorneys for Plaintiff CRAIG YATES, an individual

14

15                       **DEMAND FOR JURY TRIAL**

16     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

17

18 Dated: _____11/18/09_____, 2009     THOMAS E. FRANKOVICH,

19                                *A PROFESSIONAL LAW CORPORATION*

20

21                      By: _____

22                          THOMAS E. FRANKOVICH
                         Attorneys for Plaintiff CRAIG YATES, an individual

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES